UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRIY KHYZHNYY,

    Plaintiff,

-against-

OPTIMUM HOME CARE LLC, et al.,

    Defendants.

16-CV-07596 (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/17/18

**BARBARA MOSES, United States Magistrate Judge.**

On July 27, 2017, the parties in this Fair Labor Standards Act case submitted a proposed settlement agreement (Agreement) for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. No. 27.) The Agreement requires defendants to pay a total of $13,800 to plaintiff in two installments. Paragraph 7 of the Agreement, dealing with remedies for breach, states:

> The Parties agree that the United States District Court, Southern District of New York shall retain Jurisdiction for all purposes. Plaintiff may re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

On August 1, 2017, the Court found the Agreement fair and reasonable, dismissed the action with prejudice, and directed the Clerk of Court to close the case. (Dkt. No. 28.) Notwithstanding the language of paragraph 7, the Court's August 1 order did not expressly retain jurisdiction to enforce the terms of the Agreement. Nor did the Court incorporate the terms of the Agreement into its order. *See Hendrickson v. United States,* 791 F.3d 354, 359-60 (2d Cir. 2015) ("There are only two ways in which a district court may retain ancillary jurisdiction to enforce the terms of a settlement agreement: it may expressly retain jurisdiction over enforcement of the agreement in an order of the court, or it may incorporate . . . the terms of that agreement in such an order.") (internal quotation marks omitted).

On March 21, 2018, plaintiff Khyzhnyy filed a letter-motion reporting that defendants failed to make the second of two settlement payments due under the Agreement and requesting that this action be reopened in accordance with paragraph 7 of the Agreement. (Dkt. No. 29.) On March 22, 2018, the Court requested clarification from plaintiff as to the relief sought, and directed defendants to file any responding letter-brief no later than April 5, 2018. (Dkt. No. 30.) On March 30, 2018, plaintiff confirmed that he does not seek to enforce the financial terms of the settlement (that is, he does not seek a judgment for the remaining sums due under the Agreement); rather, he "seeks to re-open the case and continue with litigation." (Dkt. No. 31.)

Defendants failed to file any opposition.

Good cause having been shown, plaintiff's unopposed motion to re-open this action is GRANTED and the case is restored to the docket. The Clerk of Court is directed to close Dkt. No. 29. The Court will hold a status conference on **May 21, 2018, at 10:00 a.m.** The individual defendant, Loreta Colombo, must appear in person for the conference, along with defendants' counsel of record. If defendants' counsel wish to withdraw, they must file a motion for leave to do so in accordance with Local Civil Rule 1.4, which requires, among other things, that counsel serve their motion papers upon their clients as well as upon all other parties.

Dated: New York, New York
      April 17, 2018

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**